Fbeemah, J.,
delivered the opinion of the court.
This is an action of forcible entry and detainer, brought by R. P. Walt to recover possession of a house and lot in the City of Memphis.
It was, by consent of parties, tried before Judge Heiskell, of the circuit court, without a jury, the date of the trial being the 9th of July, 1872.
The bill of exceptions shows that the house belonged to the plaintiff, Walt, when the suit was brought; that Spillman rented it from him in April, 1869, and that it was agreed that an account of A. J. Walt and Newbury Gibson, for $568, should be taken in payment of the rent until the account was thus absorbed, the rent being estimated at $55 per month for this period; that this paid the rent up to the 18th of April, 1870; that after that time it was to be at such a rate as might be agreed on by. the parties (but no such agreement seems ever to have been had); that Spillman occupied the house from February, 1870, *576 to January, 1872, when' it was sold under a deed of trust to one Trask; and that since then the plaintiff has had no title to, nor claimed any interest in it.
Several errors are assigned, in the judgment rendered.
First, that there was no judgment rendered in favor of the plaintiff for the recovery of the possession, but only a judgment for the rent assumed to be due,— this, we take it, because of the fact hitherto neglected to be mentioned, that Trask had commenced a suit in forcible entry and detainer for the premises.
It is now urged, that rent is recovered in this action only as a result of the recovery of the possession.
This we think is clearly correct; as the suit be-, fore the justices is only for the possession, and rents, are recoverable only on ah appeal taken,' under Code, sec. 3360 (Th. & St.), which is from the acts of 1849-50, eh. 74, sec. 1; or a certiorari to the circuit court, as in this case.
In either case, we think that the provisions of the Code upon the subject of rent contemplate only that the rent shall be recovered from the time of the appeal, or rendition of the judgment appealed from, or taken to the circuit court by certiorari.
Such is the obvious construction of sections 3360, 3362, 3363, 3364, and 3373b, the last of which requires a bond, in the proceeding by certiorari, sufficient to cover, beside costs and damages, the value of the rents during the litigation, instead of for only one year, as provided by section 3362.
*577 We think that the court erred in giving judgment only for the rents, as this was not an action for the rents, but for the recovery of the possession, in which, upon an appeal or certiorari, taking the case to the circuit court, and a recovery there by the plaintiff, establishing his right to possession, the rents that had accrued after the judgment of the justices were recoverable incidentally.
The judgment should have been, that the plaintiff recover the possession of the premises, and rent, at the rate shown by the proof to be proper, from the time of the rendition of the. judgment before the justices, the 12th of July, 1870.
It is proper to remark that damages also may be recovered in this action on the recovery by the plaintiff of the possession in the circuit court, such damages being based on any injury that is the immediate result or consequence of the forcible and unlawful dis-seisin of the plaintiff, provided it be not for an injury merely to the freehold. See White v. Buttle, 1 Swan, 169.
The question of damages, however, is not involved in this case, and we only refer to it in qualification of the general remarks in the previous portion of this opinion, upon the subject of recovering rent as an incident to the recovery of possession.
It is insisted, however, in this case, that no proper notice was given to the party, to terminate his lease or renting, and that therefore the action cannot be maintained.
This is not such a tenancy, under the rule laid *578 down in Trousdale v. Darnell, 6 Yer., 435, as entitles the party to six months notice to quit. In the language of the court in that case, that applies when one is in by such an agreement as that, by a sudden end being put to the term, the tenant would be deprived of the fruits of his labor.
The ease of a tenant who rents for a year, or for a longer term, and is permitted by his landlord to hold over after the expiration of the term, so .as to raise the presumption of a new tenancy from year to year, is not involved here; as, after the period for which the rent paid by the account had expired, the further renting must be viewed as a renting by the month, at such rate as might be agreed on, or, if no agreement, for the reasonable value of the premises.
And then, as is shown, more than a month’s notice was given before the bringing of this suit, of the purpose to terminate the renting, — if any such notice was necessary.
But the act of 1821, carried into the Code, sec. 8351, dispenses with notice in all the cases specified in the statute, where the right to bring this action is given, — the possession in such cases being made unlawful by the statute. The case is not like Sullivan v. Ivey, 2 Sneed., 489.
The result is, that the judgment must be reversed; and this court proceeding to render such judgment as the court below should have rendered, adjudges that the plaintiff below recover possession of the premises, and recover rents, at the rate of $45 per month, from the date of the judgment by the justices, against Spill- *579 man and the sureties on his bond, not to exceed the amount of the bond; and that the plaintiff below pay the costs of this court.